IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No.: |
| RM INNOVATIONS, LLC d/b/a RE/MAX INNOVATIONS, NICK MORLAN d/b/a NICK MORLAN REAL ESTATE, and TRAVIS EVANS, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, GENERAL STAR NATIONAL INSURANCE COMPANY (hereinafter "General Star"), by and through its attorneys, and for its Complaint for Declaratory Judgment against RM INNOVATIONS, LLC d/b/a RE/MAX INNOVATIONS, NICK MORLAN d/b/a NICK MORLAN REAL ESTATE and TRAVIS EVANS, states as follows:

## PARTIES

1. General Star is a Connecticut corporation with its principal place of business located in Connecticut.

2. At all times relevant, General Star was authorized to do business and issue insurance policies in the State of Missouri.

3. At all times relevant, RM INNOVATIONS, LLC d/b/a RE/MAX INNOVATIONS ("RM Innovations") was a Missouri limited liability company having its principal place of business in Missouri, and regularly conducts business in this district. The sole member of RM Innovations is Eddy Saylor. Eddy Saylor is an individual and citizen of Missouri. Eddy Saylor resides in Missouri and, upon information and belief, intends to remain a resident of Missouri.

4. At all times relevant, NICK MORLAN d/b/a NICK MORLAN REAL ESTATE ("Morlan") is an individual and citizen of Missouri. Morlan resides in Missouri and, upon information and belief, intends to remain a resident of Missouri. At all times relevant, Morlan is alleged to have acted as an employee or agent of RM Innovations.

5. At all times relevant, TRAVIS EVANS (hereinafter "Evans") is an individual and citizen of Missouri. Evans resides in Missouri and, upon information and belief, intends to remain a resident of Missouri.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## NATURE OF ACTION

8. This action arises out of a controversy between the parties regarding two Real Estate Errors and Omissions Insurance Policies (defined below as the "2018-19 Policy" and the "2019-20 Policy") issued by General Star to RM Innovations.

9. General Star brings the instant action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare the rights and obligations between the parties under the Policies as it relates to a demand for insurance coverage by RM Innovations and Morlan in response to a lawsuit filed by Evans in the Circuit Court of Clay County, Missouri entitled *Travis Evans v. RM Innovations, LLC d/b/a RE/MAX Innovations, et al.*, Docket No. 18CY-CV04881 (the "Underlying Lawsuit").

10. Evans has been joined as a Defendant herein pursuant to Rule 19 of the Federal Rules of Civil Procedure as the determination of General Star's rights and obligations under the Policies may affect his interests.

11. There exists an actual controversy between the parties that requires a declaration by this Court of the rights and obligations under the Policies as it relates to the Underlying Lawsuit.

12. Specifically, General Star seeks a judicial determination that there is no coverage for the Underlying Lawsuit pursuant to the express terms of the 2018-19 Policy or 2019-20 Policy as the Underlying Lawsuit was not reported during the 2018-19 Policy and the Underlying Lawsuit was not a Claim made during the 2018-19 Policy. General Star also seeks a judicial determination that there is no coverage for the Underlying Lawsuit pursuant to the express terms of the 2018-19 Policy or 2019-20 Policy as the Underlying Lawsuit arises out of dishonest acts and the failure to disclose mold. Alternatively, General Star seeks a judicial determination that it has no duty to indemnify under the 2018-19 Policy or 2019-20 for certain types of damages sought by Evans, as they do not fall within the definition of "Damages" under the 2018-19 Policy or 2019-20 Policy.

## FACTUAL BACKGROUND

**The Underlying Lawsuit**

13. On May 10, 2018, RM Innovations and Mr. Morlan were named as defendants in a lawsuit filed by Travis Evans in the Circuit Court of Clay County, Missouri entitled *Travis Evans v. RM Innovations, LLC d/b/a RE/MAX Innovations, et al.*, Docket No. 18CY-CV04881. A true and correct copy of the Petition for Damages filed in the Underlying Lawsuit is attached hereto as **Exhibit A.**

14. The Underlying Lawsuit alleges that Mr. Morlan was, at all relevant times, employed as a real estate agent for RM Innovations.

15. The Underlying Lawsuit alleges that RM Innovations and Morlan, misrepresented, concealed and/or omitted material facts about the condition and history of a home located at 7324 N. Bellefontaine Avenue, Kansas City, MO 64119 purchased by Evans on or about August 26, 2016 (the "Property"). Specifically, the Underlying Lawsuit alleges that RM Innovations and Morlan failed to disclose and concealed water intrusion and mold issues to Evans at the Property prior to Evans's purchase of the Property.

16. On May 31, 2018, Morlan was personally served with the Summons and Complaint in the Underlying Lawsuit.

17. Morlan subsequently submitted an affidavit in which he attests that on May 31, 2018 he provided the Summons and Complaint received by him in the Underlying Lawsuit to Eddy Saylor, the owner of RM Innovations, and was advised by Saylor that the "he would give them to the company attorneys and they would take care of it." A true and correct copy of Morlan's Affidavit is attached hereto as **Exhibit B**.

18. On June 20, 2018, RM Innovations was served with the Summons and Complaint in the Underlying Lawsuit via the Missouri Secretary of State's Office.

19. On July 3, 2019, a Judgment was entered against RM Innovations and Morlan for actual damages in the amount of $277,365.49, attorneys' fees in the amount of $20,375.00, punitive damages in the amount of $300,000.00, and costs of $427.47 with interest to be accrued as of the entry of the Judgment. A true and correct copy of the Judgment is attached hereto as **Exhibit C**.

20. RM Innovations reported the Underlying Lawsuit to General Star on July 18, 2019.

21. RM Innovations requested that General Star defend and indemnify RM Innovations and Morlan in connection with the Underlying Lawsuit.

4

22.     General Star agreed to provide a defense to RM Innovation and Morlan and continues to provide a defense to RM Innovation and Morlan, pursuant to the terms of the Policies and subject to a strict reservation of rights.

23.     General Star agreed to provide a defense for RM Innovations and Morlan subject to strict reservation of rights.

**The General Star Policies**

24.     General Star issued Real Estate Errors and Omissions Insurance Policy No. NJA349927 for the Policy Period of March 21, 2018 to March 21, 2019 (the "2018-19 Policy"). The 2018-19 Policy is a claims-made and reported policy. A true and correct copy of the 2018-19 Policy is attached hereto as **Exhibit D.**

25.     General Star subsequently Real Estate Errors and Omissions Insurance Policy No. NJA349927A for the Policy Period of March 21, 2019 to March 21, 2020 (the "2019-20 Policy"). The 2019-20 Policy is a claims-made and reported policy. A true and correct copy of the 2018-19 Policy is attached hereto as **Exhibit E.**

26.     The Insuring Agreements of the 2018-19 Policy and the 2019-20 Policy provide as follows:

**SECTION 1 - INSURING AGREEMENT**

**A.     Damages**

The Company will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as **Damages** for **Claims** first made against the **Insured** during the **Policy Period** and first reported to the Company in writing during the **Policy Period** or applicable Extended Reporting Period, arising out of any act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** by an **Insured;** provided always that such act, error, omission or **Personal Injury** takes place:

1.     During the **Policy Period**; or

2. Prior to the **Policy Period** provided that:

   a. Such act, error, omission or **Personal Injury** took place on or after the Retroactive Date as stated on the Declarations Page of this Policy; and

   b. At the Inception Date of this Policy no **Insured** had knowledge of any fact, circumstance, situation, act, error, omission or **Personal Injury** that may reasonably be expected to give rise to a **Claim(s)** or **Suit** against an **Insured**.

27. Section VIII (Definitions) of the 2018-19 Policy and the 2019-20 Policy provide as follows:

   F. **Claim(s)**, including **Claims** based on or arising out of **Lock Box**, **Open House** or **Fair Housing Discrimination**, means a demand for money, the filing of **Suit** or the initiation of arbitration or mediation proceedings naming the **Insured** and alleging an act, error, omission or **Personal Injury** resulting from the rendering of or failure to render **Professional Services**.

   **Claim** does not include proceedings seeking injunctive or other non-pecuniary relief, or administrative proceedings before any national, state, regional or local board of real estate agents, or any committee or subcommittee, except as defined by **Supplementary Payment Requests** and made available in Paragraph A.2. of **SECTION VI – SUPPLEMENTARY PAYMENTS**.

   \* \* \* \*

   AI. **Suit** means a civil adjudicatory proceeding in a court of law in the United States of America, its territories, possessions, Puerto Rico or Canada.

## COUNT I

### Declaration that the Underlying Lawsuit Does Not Constitute A Claim First Made During the 2019-20 Policy Period

28. General Star repeats and realleges Paragraphs 1 through 28 of this Complaint for Declaratory Judgment as if fully set forth herein.

29. Coverage under the 2019-20 Policy is only triggered by "**Claims** *first made* against

the **Insured** during the **Policy Period** and first reported to the Company in writing during the **Policy Period** . . ."

30. The 2019-20 Policy defines a "**Claim**" to include "the filing of **Suit** . . ." and defines a "**Suit**" as "a civil adjudicatory proceeding in a court of law in the United States of America . . ."

31. The "**Policy Period**" for the 2019-20 Policy is March 21, 2019 to March 21, 2020.

32. The Underlying Lawsuit constitutes a **Claim** first made on May 10, 2018 as it is a civil adjudicatory proceeding in a United States court of law.

33. Based on the foregoing, coverage is not triggered under the 2019-20 Policy for the Underlying Lawsuit as it does not constitute a **Claim** first made during the **Policy Period** for the 2019-20 Policy.

## COUNT II

### Declaration that the Underlying Lawsuit Was Not First Reported During the 2018-19 Policy Period

34. General Star repeats and realleges Paragraphs 1 through 34 of this Complaint for Declaratory Judgment as if fully set forth herein.

35. Coverage under the 2018-19 Policy is only triggered by "**Claims** first made against the **Insured** during the **Policy Period** and _first reported_ to the Company in writing during the **Policy Period** . . ."

36. The 2018-19 Policy defines a "**Claim**" to include "the filing of **Suit** . . ." and defines a "**Suit**" as "a civil adjudicatory proceeding in a court of law in the United States of America . . ."

37. The "**Policy Period**" for the 2018-19 Policy is March 21, 2018 to March 21, 2019.

38. The Underlying Lawsuit constitutes a **Claim** first made on May 10, 2018 as it is a civil adjudicatory proceeding in a United States court of law and is thus a **Claim** first made during the **Policy Period** of the 2018-19 Policy.

39. RM Innovations and Morlan were both served with a Summons and Complaint in the Underlying Lawsuit during the **Policy Period** for the 2018-19 Policy.

40. RM Innovations and Morlan did not report the Underlying Lawsuit until July 18, 2019.

41. Based on the foregoing, coverage is not triggered under the 2018-19 Policy for the Underlying Lawsuit as it does not constitute a **Claim** first reported during the **Policy Period** for the 2019-20 Policy.

## COUNT III

### Declaration that Coverage is Precluded by Operation of the Intentional Acts Exclusion

42. General Star repeats and realleges Paragraphs 1 through 42 of this Complaint for Declaratory Judgment as if fully set forth herein.

43. Section VII (Exclusions), Para. A (1) (the "Intentional Acts Exclusion") of the 2018-19 Policy and the 2019-20 Policy provides as follows:

> The Company has no obligation under this Policy to pay **Damages** or **Claims Expenses** or to provide a defense, in connection with any **Claim(s)**:
>
> A. Under any part of this Policy if based on or arising out of the following:
>
> 1. Any:
>
>    a. Dishonest, fraudulent, criminal, knowingly wrongful, willful, malicious or intentional act, error, omission or **Personal Injury**;
>
>    b. Intentional misrepresentation; or
>
>    c. Willful, intentional or knowing violation of the laws, statutes, rules or regulations (including, but not limited to the Racketeer Influenced and Corrupt Organizations Act (RICO), or other actual or alleged violations of state or federal anti-trust, price-fixing, restraint of trade or deceptive trade practice laws, rules or regulations).

8

> However, this exclusion shall not apply to strictly vicarious liability of an innocent **Insured**, whose conduct, as stated in this exclusion, was not committed by, at the direction of or with the knowledge of such innocent **Insured**.
>
> The **Insured** shall reimburse the Company for all **Claim Expenses** incurred if the **Insured's** acts, errors, omissions or **Personal Injury** are found to be a conduct stated in this exclusion.

44. The Underlying Lawsuit alleges that RM Innovations and Morlan acted in a dishonest, fraudulent, knowingly wrongful, willful, malicious and/or intentional manner and therefore coverage is barred under the 2018-19 Policy and 2019-20 Policy by operation of the Intentional Acts Exclusion set forth in the 2018-19 Policy and 2019-20 Policy.

## COUNT IV

### Declaration that Coverage is Precluded by Operation of the Mold Exclusion

45. General Star repeats and realleges Paragraphs 1 through 45 of this Complaint for Declaratory Judgment as if fully set forth herein.

46. Section VII (Exclusions), Para. A (19) (the "Mold Exclusion") of the 2018-19 Policy and the 2019-20 Policy provides as follows:

> The Company has no obligation under this Policy to pay **Damages** or **Claims Expenses** or to provide a defense, in connection with any **Claim(s)**:
> A. Under any part of this Policy if based on or arising out of the following:
>
> 19. Any **Fungus(i), Mold(s),** bacteria or **Spore(s)** including:
>
>     a. Any substance, vapor or gas produced by or arising out of any **Fungus(i), Mold(s),** bacteria or **Spore(s)**;
>
>     b. Any material, product, building component, building or structure that contains, harbors, nurtures or acts as a medium for any **Fungus(i), Mold(s),** bacteria or **Spore(s)**;
>
>     c. Any testing for, monitoring, abatement, mitigation, removal, remediation, or disposal of any **Fungus(i), Mold(s)** bacteria or **Spore(s)**;

d. Any failure to test for, monitor, abate, mitigate, remove, remediate, or dispose of any **Fungus(i), Mold(s),** bacteria or **Spore(s)**;

e. Any supervision, instruction, recommendations, warnings, or advice given or which should have been given in connection with the above;

f. Any misrepresentation of or failure to detect or disclose of any exposure to any **Fungus(i), Mold(s),** bacteria or **Spore(s)**; or

g. Any obligation to share **Damages** with or repay anyone else who must pay **Damages** in connection with Paragraphs a. through f. above.

The above applies regardless of any other cause, event, material, product or building component that contributed concurrently or in any sequence to an injury or damage.

47. The Underlying Lawsuit alleges that RM Innovations and Morlan failed to disclose, misrepresented and concealed the presence of mold at the Property and therefore coverage is barred under the 2018-19 Policy and 2019-20 Policy by operation of the Mold Exclusion set forth in the 2018-19 Policy and 2019-20 Policy.

## COUNT V

### Declaration that Coverage is not available for an award for Damages Outside the Policy's Definition of "Damages"

48. General Star repeats and realleges paragraphs 1 to 48 of this Complaint for Declaratory Judgment as if fully set forth herein.

49. Subject to the other terms and conditions of 2018-19 Policy and 2019-20 Policy, Section I of 2018-19 Policy and the 2019-20 Policy states that coverage is provided coverage for "Damages," as that term is defined by the 2018-19 Policy and the 2019-20 Policy.

50. The 2018-19 Policy and the 2019-20 Policy define "Damages" to mean "compensatory judgments, settlements or awards, but does not include punitive or exemplary

10

damages, fines or penalties, sanctions, the return of fees or other consideration paid the Insured, or that portion of any award of judgment caused by the trebling or multiplication of actual damages under federal or state law."

51. The Underlying Lawsuit seeks an award for treble damages, exemplary damages, punitive damages and attorney's fees.

52. Pursuant to the Insuring Agreements of the 2018-19 Policy and the 2019-20 Policy and the definition of "Damages," there is no coverage for any award for such damages.

53. Accordingly, to the extent judgment is entered against RM Innovation or Morlan in the Underlying Lawsuit, General Star is entitled to a declaration that it owes no duty to indemnify RM Innovation or Morlan for any treble damages, exemplary damages, punitive damages or attorney's fees.

## COUNT VI

### Declaratory Judgment that RM Innovation or Morlan Must Reimburse Damages and Claims Expenses

54. General Star repeats and realleges paragraphs 1 to 54 of this Complaint for Declaratory Judgment as if fully set forth herein.

55. Section X (General Conditions) of the 2018-19 Policy and the 2019-20 Policy provide as follows:

> M. **Reimbursement:**
>
> While the Company has no duty to do so, if the Company pays **Damages** or **Claims Expenses**:
>
> 1. within the amount of the applicable Deductible, or
>
> 2. in excess of the applicable Limit of Liability, or
>
> 3. Under a reservation of rights to seek reimbursement, and it is determined that the Company is entitled to reimbursement,

All **Insureds** shall be jointly and severally liable to the Company for such amounts. Upon written demand, the **Insureds** shall repay such amounts to the Company within (30) days. Failure to pay any amount indicated may lead to Policy termination.

15. Subject to the other terms and conditions of the Policy, Section X of the Policy states that, if the company pays "**Damages**" or "**Claims Expenses**" under a reservation of rights to seek reimbursement, and it is entitled to reimbursement, the Insureds shall repay such amounts to the Company.

16. General Star has reserved its rights to seek reimbursement of **Damages** and **Claims Expenses** from RM Innovation or Morlan.

17. Should the Court determine that no coverage exists for the Underlying Lawsuit under the 2018-19 Policy or the 2019-20 Policy. General Star is entitled to reimbursement by RM Innovation or Morlan of any **Damages** and **Claim Expenses** paid, including reimbursement of all costs and fees incurred by General Star to defend RM Innovation or Morlan in the Underlying Lawsuit.

WHEREFORE, Plaintiff, GENERAL STAR NATIONAL INSURANCE COMPANY, respectfully requests that judgment be entered in its favor and against the Defendants, and prays that this Court:

    a) Enter an Order finding and declaring that General Star is not obligated to defend or indemnify RM Innovation or Morlan in connection with the Underlying Lawsuit, or for any claim based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the conduct and facts, circumstances and situations described in the Underlying Lawsuit;

    b) Enter an Order finding and declaring that, based on the terms and conditions of the Policy, in particular Exclusion A (1) (the "Intentional Acts Exclusion") and Exclusion A (19) (the Mold Exclusion") of the 2018-19 Policy and the 2019-20 Policy, General Star is not obligated to defend or indemnify RM Innovation or Morlan in connection with the Underlying Lawsuit, or for any claim based upon, arising out of, directly or indirectly

resulting from or in consequence of, or in any way involving the conduct and facts, circumstances and situations described in the Underlying Lawsuit;

c) Enter an Order finding and declaring that were General Star required to indemnify Guthrie in connection with the Underlying Lawsuit, General Star is not required to indemnify RM Innovation or Morlan with respect to any punitive damages, exemplary damages or damages representing a multiple of compensatory amounts or attorneys' fees awarded in the Underlying Lawsuit

d) Enter an Order awarding Plaintiff all costs and expenses it incurred in this matter;

e) Enter an Order directing RM Innovation or Morlan to reimburse General Star for Damages and Claim Expenses incurred by General Star, including those fees and costs incurred in defending RM Innovation or Morlan in the Underlying Lawsuit; and

f) Grant any such other and further relief which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, GENERAL STAR NATIONAL INSURANCE COMPANY, hereby demands trial by jury.

Respectfully submitted,

SANDERS WARREN RUSSELL & SCHEER LLP

BY: /s/ *Curtis O. Roggow*
Curtis O. Roggow    MO# 42995
Sanders Warren Russell & Scheer LLP
9401 Indian Creek Parkway, Suite 1250
Overland Park, KS 66210
913-234-6108 -- Direct
913-234-6199 – Fax
c.roggow@swrsllp.com

*And*

DAVID A. WILFORD, Illinois ARDC #6217049
CHRISTOPHER T. CONRAD, Illinois ARDC #6255778
WILFORD CONRAD LLP
18 E. Dundee Road
Building 6, Suite 150
Barrington, Illinois 60010
(224) 848-4721 – Telephone
(224) 848-5865 – Facsimile
dwilford@wilfordconrad.com
cconrad@wilfordconrad.com

Attorneys for Plaintiff, GENERAL STAR NATIONAL INSURANCE COMPANY